IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**CATHY PRATT,**

Civ. No. 6:14-cv-01831-CL

Plaintiff,

**ORDER**

v.

**COMMISSIONER, SOCIAL SECURITY
ADMINISTRATION,**

Defendant.

CLARKE, Magistrate Judge.

This matter comes before the Court on Plaintiff's unopposed motion (#30) for an award

of $6,500 in attorney's fees under the Equal Access Justice Act ("EAJA"), 28 U.S.C. § 2412(d).

**BACKGROUND**

On November 18, 2014, Plaintiff filed a Complaint (#1) to obtain judicial review of the

final decision of the Commissioner of the Social Security Administration ("Commissioner")

denying her application for benefits. Pursuant to the stipulation of both parties, this Court

remanded (#28) Plaintiff's case for further proceedings on September 24, 2015. On November 18, 2015, Plaintiff's attorney filed her pending motion (#30) for EAJA fees.

## LEGAL STANDARD

A prevailing party in an action against the United States is entitled to an award of attorney's fees and costs under the EAJA unless the government demonstrates that its position in the litigation was "substantially justified" or that "special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). An EAJA fee award must be reasonable. *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001). In determining whether a fee is reasonable, the Court considers the hours expended, the reasonableness of the hourly rate charged, and the results obtained. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983); *Atkins v. Apfel*, 154 F.3d 986, 988 (9th Cir. 1998) (applying *Hensley* to cases involving the EAJA). If the requested fees are not shown to be reasonable, then the Court may reduce the award. *See Hensley*, 461 U.S. at 433; *Atkins*, 154 F.3d at 988.

## DISCUSSION

It is undisputed that Plaintiff is a prevailing party. *Gutierrez v. Barnhart*, 274 F.3d 1255, 1257 (9th Cir. 2001) ("An applicant for disability benefits becomes a prevailing party for the purposes of the EAJA if the denial of her benefits is reversed and remanded regardless of whether disability benefits ultimately are awarded."). The Commissioner has not demonstrated that its position in denying Plaintiff's application was "substantially justified" or that special circumstances render the requested award unjust. Having reviewed the pending motion, the Court finds Plaintiff's request is proper and the amount requested is reasonable with one exception. Plaintiff requests $6,500. However, she provides support (#32) for only $6,382.50: 34.5 hours of work at a rate of $185. Accordingly, Plaintiff's application (#30) for EAJA fees is

GRANTED with a downward adjustment of $117.5. Plaintiff is awarded $6,382.50 in attorney's fees pursuant to 28 U.S.C. § 2412.

This award is subject to the Treasury Offset Program. *See Astrue v. Ratliff*, 560 U.S. 586, 589 (2010). Any portion of the award not subject to offset should be made payable to Plaintiff and mailed to Plaintiff's attorney.

It is so ORDERED and DATED this ___ day of December 2015.

_____

MARK D. CLARKE
United States Magistrate Judge